# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

DANIEL BRYAN

VERSUS

LOUISIANA PATIENT'S COMPENSATION
FUND OVERSIGHT BOARD, THE
FOUNDATION FOR TERREBONNE GENERAL
HEALTH SYSTEM, PATRICK DECOURCEY
WALKER, M.D. AND ELEISA FLOYD,
N.P.

NO.  2024 CW 0580

AUGUST 12, 2024

---

In Re:    Hospital Service District No. 1, for the Parish of
          Terrebonne, State of Louisiana, doing business as
          Terrebonne General Health System (a/k/a "Terrebonne
          General"), Dr. Patrick Walker, and Nurse Practitioner
          Eleisa Floyd, applying for supervisory writs, 19th
          Judicial District Court, Parish of East Baton Rouge, No.
          715364.

---

**BEFORE:    WOLFE, MILLER, AND GREENE, JJ.**

   **WRIT GRANTED WITH ORDER.** The trial court's judgment dated April
20, 2023, denying the exceptions of improper venue, lack of subject
matter jurisdiction, improper cumulation of actions and improper
joinder of parties, and prescription filed by Hospital Service District
No. 1 for the Parish of Terrebonne, State of Louisiana, doing business
as Terrebonne General Health System, Patrick Walker, M.D., and Eleisa
Floyd, N.P. (collectively the "Healthcare Provider Defendants") and
joined by the Louisiana Patient's Compensation Fund ("the PCF"); the
trial court's judgment dated January 4, 2024, vacating its judgment
entered on March 28, 2023; and the trial court's judgment dated March
26, 2024, granting a new trial and denying the exceptions improper
venue, lack of subject matter jurisdiction, improper cumulation of
actions, improper joinder of parties, and prescription filed by the
Healthcare Provider Defendants and joined by the PCF, constitute
substantive amendments to a final judgment. See La. Code Civ. P. art.
1951. The only allowable procedures for making a substantive change to
a judgment are a contradictory motion for new trial filed by the parties
or by the court on its own motion pursuant to La. Code Civ. P. art.
1971; amendment by consent of the parties; or a timely appeal. **Harrell-
Bijou v. Guarino**, 2023-0425 (La. App. 1st Cir. 11/16/23), 379 So.3d
698, 703 n.4. No appeal or timely motion for new trial was filed.
Furthermore, all parties did not consent to an amendment of the final
judgment. Therefore, the trial court's above-referenced judgments dated
April 20, 2023, January 4, 2024, and March 26, 2024, respectively, are
absolute nullities and are vacated. The trial court's March 28, 2023
judgment, dismissing the plaintiff's action, is reinstated. This matter
is remanded to the trial court with instructions to grant the plaintiff,
Daniel Bryan, an appeal, pursuant to his Motion for Devolutive Appeal
filed on June 9, 2023. A copy of this court's order is to be included
in the appellate record.

                              EW
                              SMM
                              HG

COURT OF APPEAL, FIRST CIRCUIT

_____
 DEPUTY CLERK OF COURT
     FOR THE COURT